[No. 1776.   Decided September 10, 1895.]

C. L. TAGGART, *Respondent*, v. THE FIRST NATIONAL
BANK OF ANACORTES, *Appellant.*

ORDER DRAWN ON BANK — ACCEPTANCE — LIABILITY FOR NON-PAYMENT.

The payment by a bank of checks drawn on a special deposit,
while neglecting to apply such deposit to the payment of a prior
order drawn thereon and placed in the cashier's hands by agree-
ment of the parties, will render the bank liable to the owner of the
order for the amount due thereon, if sufficient funds had been
placed in such special deposit to cover the amount of the order.

*Appeal from Superior Court, Skagit County.*

*Hastings & Stedman,* for appellant.

*Million & Houser,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—Plaintiff sued the defendant to recover
the balance due him upon a certain order given to
him by one John Doser, and at the conclusion of the
testimony the court directed the jury to bring in a
verdict in his favor for the amount claimed; where-
upon this appeal was taken.

The evidence disclosed the following facts:   One
LeBallister was, on the 15th day of December, 1893,
the owner of a boom of logs lying at Anacortes, on
which the plaintiff held a chattel mortgage for $693.65
and the firm of Taggart & Gilkey, of which plaintiff
was a member, held a second chattel mortgage for
$303.   On said day LeBallister, through his agent
John Doser, sold the logs to Nelson & Son Mnfg. Co.
to be cut into shingles and shipped.   The proceeds
of every other car of shingles were to be applied to-
wards paying for the logs, and the bill of lading
thereof was to be deposited with the defendant in

furtherance of this purpose. The contract contain-
ing the terms of sale was deposited with one Perrin,
defendant's cashier, to be held by the bank, as were
also the two chattel mortgages, and notes which they
secured. The bank collected the amount of the pur-
chase price of the logs, and placed the amount as a
special deposit or account to the credit of John Doser,
agent. As soon as the bank began to receive money
on the bills of lading, Perrin, wrote to Doser that, ac-
cording to his understanding, the amount of the
plaintiff's claim, by virtue of the chattel mortgages
upon the logs aforesaid, was to be paid before any-
thing went to Doser. Doser answered, directing the
money to be placed to his credit and asking for a
check book, saying that he would pay the plaintiff's
claims by check. Shortly after this, Perrin wrote
both Doser and the plaintiff on the same day suggest-
ing that Doser and plaintiff agree on the exact amount
due the plaintiff on said mortgage claims, and that
Doser give the plaintiff an order for the amount and
send it to the bank, saying it would be paid out of the
proceeds of the bills of lading. This was done and on
the next day the plaintiff sent the order to the bank as
requested. The bank received the order and retained
it for several months, and during this time received as
proceeds of the bills of lading more than enough to
pay the claim, but, instead of paying it, applied the
same in payment of checks drawn by Doser for other
matters. It appears that there was not enough money
in the bank to pay this order in full at any one time,
and also that the bank at one time, upon the plaintiff's
asking for money, informed him that they would pay
the amount then on hand if he would get a check
from Doser for that amount. Whereupon Doser gave
the plaintiff a check for $200, which the bank paid,
and indorsed the amount upon the original order.

There was no conflict in the testimony as to any of these matters. The defendant admitted that the letters aforesaid were written by Perrin, its cashier, to Doser and the plaintiff as aforesaid, and that during all the times mentioned it held all of the papers. After holding the same for several months and receiving the money as aforesaid and allowing Doser to check it out contrary to the terms of the agreement, the defendant returned the order to plaintiff and refused payment.

It is contended upon the part of appellant that these circumstances did not bind the bank to hold the moneys received as aforesaid for the plaintiff until his order was paid, and that, notwithstanding it, the bank was bound to pay the subsequent checks drawn upon it by Doser. But we do not so understand it. The bank was a party to this understanding, and it was by the suggestion of its cashier that the plaintiff took the order as aforesaid for the amount of his claim and deposited it with the bank, and upon its promise that it would apply the proceeds received from the logs in payment of it. This was binding upon the bank, and therefore it had no right to pay out such proceeds upon subsequent checks given by Doser for other matters, without retaining enough to pay the plaintiff's claim.

It was further claimed by appellant that there was a conflict in the evidence. This was true as to one or two immaterial points; but the material facts were conclusively established by the written correspondence of the parties, and these were all in evidence and admitted to be genuine by the defendant.

Judgment affirmed.

Hoyt, C. J., and Dunbar, Anders and Gordon, JJ., concur.